FILED
CLERK
12/2/2025 2:47 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TAMIKO RIVERS,

                      Plaintiff,

      -against-

NEWREZ LLC, doing business as SHELLPOINT
MORTGAGE,

                      Defendant.
-------------------------------------------------------------------X

**ORDER**
23-CV-8433(GRB)(LGD)

**GARY R. BROWN, United States District Judge:**

      Before the Court is the application for leave to appeal *in forma pauperis* ("IFP") filed by *pro se* plaintiff Tamiko Rivers ("Plaintiff" or "Rivers"). Docket Entry "DE" 87. For the reasons that follow, the application is denied.

      Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides, in relevant part, that:[1]

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C). The decision to grant an IFP motion is within the discretion of the district court. *See*, *e.g.*, *Sagy v. Am. Bankers Ins. Co. of Fla.*, No. 20-CV-4199(GRB)(SIL), 2023 WL 5306567, at *1 (E.D.N.Y. May 23, 2023).

      Here, Rivers has not complied with these requirements. First, the IFP application

---

[1] Given that Rivers paid the filing fee when she commenced this action (Receipt No. 200002562), Rule 24(a)(3) of the Federal Rules of Appellate Procedure is not applicable.

submitted by Rivers does not demonstrate an inability to pay. *See* DE 87. Although Rivers reports that her regular monthly expenses of $6,800-$7,500 exceed her monthly gross income of $5,500, she has omitted a response to the question that asks how much money she has. *Id.* ¶¶ 1-2, 4, 8. Having failed to disclose whether there are any funds available to her, she has not demonstrated an inability to pay the $605 filing fee. Because Rivers does not appear blocked by her financial position from pursuing her appeal but, rather, has "to weigh the financial constraints posed if [s]he pursues [her position] against the merits of h[er] case, then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)); *see also Wrenn v. Benson*, 490 U.S. 89, 90 n. 4 (1989) (*per curiam*) (denying leave to proceed IFP based on review of information contained in the supporting affidavit of indigency) (internal quotation marks omitted).

Moreover, even if Rivers had made an adequate showing of indigence, she has not "identifie[d] with reasonable particularity the claimed errors which will be the basis for the appeal." *Maitland v. Target Corp.*, No. 20-CV-3892 (MKB), 2024 WL 1468173, at *1 (E.D.N.Y. Mar. 15, 2024) (quoting *United States v. Farley*, 238 F.2d 575, 576 (2d Cir. 1956)). "This requirement has been strictly applied where it 'hinders the district court's task of determining whether an appeal is taken 'in good faith.'" *Sagy*, 2023 WL 5306567, at *1 (quoting *Frias v. U.S.*, Nos. 09-CV- 2537(JFK), 01-CR-307(JFK), 2011 WL 832903, at *2 (S.D.N.Y. Mar. 4, 2011)).

Here, Rivers identified her issues on appeal as: "Fair Debt Collection Practice Act was violated." DE 87 at ¶ 1. As is readily apparent, this statement does not identify the relevant

2

facts or entitlement to redress, nor does it provide an adequate basis for the Court to evaluate what Plaintiff intends to challenge on appeal. *See* Fed R. App. P. 24(a)(1); Second Circuit Local Rule 24.1;[2] *see also Garcia v. Paylock*, No. 13-CV- 2868(KAM), 2014 WL 1365478 (E.D.N.Y. Apr. 7, 2014) (denying motion to proceed *in forma pauperis* when plaintiff failed to identify particular parts of the decision that he would challenge).

Nonetheless, the Court has reviewed the record. The challenged Order is the undersigned's adoption of the September 25, 2025 Report and Recommendation (DE 80) that the Court has determined was "exceedingly thorough and well-reasoned". *See* Order Adopting Report and Recommendation upon *de novo* review, dated October 7, 2025. The Court now certifies that this appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."); *see also Azeez v. City of New York*, No. 16-CV-0342(NGG)(SJB), 2022 WL 1205094, at *2 (E.D.N.Y. Apr. 22, 2022) ("[I]f on consideration the trial judge is conscientiously convinced that there is no substantial question for review and that an appeal will be futile, or if he is convinced that there is no reasonable basis for the claims of alleged error, it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith.") (cleaned up). Accordingly, the application to proceed IFP on appeal is denied.

The Clerk of Court is directed to terminate the motion at DE 87, mail a copy of this order to Plaintiff *pro se* at her address of record, and transmit this order to the Court of Appeals. Pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure, Plaintiff may file a

---

[2] *See* http://www.ca2.uscourts.gov/clerk/case_filing/rules/title6/local_rule_24_1.html ("A motion for leave to appeal *in forma pauperis* . . . must include . . . a statement that identifies the relevant facts and makes a showing of likely merit as to each issue the appellant intends to present on appeal. Failure to comply with any of these requirements may result in denial of the motion . . .")

motion for leave to proceed on appeal *in forma pauperis* in the United States Court of Appeals for the Second Circuit within thirty (30) days after the Clerk of this Court serves notice of entry of this order upon her.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from the October 7, 2025 order and final judgment entered thereupon, or this Order, would not be taken in good faith and therefore IFP status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

                                                /s/ Gary R. Brown
                                                Hon. Gary R. Brown
                                                United States District Judge

Dated:        December 2, 2025
                Central Islip, New York